IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 10-144-2 |
| | ) | |
| LEWIS WHOOLERY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# OPINION

**CONTI, Chief U.S. District Judge.**

Defendant Lewis Whoolery ("defendant") was sentenced to a ten-year term of imprisonment following a jury verdict finding him guilty of conspiracy to commit wire fraud. (ECF Nos. 152, 282.) Defendant is currently incarcerated in a federal facility in Loretto, Pennsylvania. The Court of Appeals for the Third Circuit affirmed defendant's conviction on direct appeal, and affirmed this court's order denying defendant's motion for a new trial. (ECF Nos. 338, 366-1.)

## I. Introduction

Defendant, proceeding pro se, filed a motion to vacate under 28 U.S.C. § 2255, with a request for an evidentiary hearing, on September 8, 2015. (ECF Nos. 352-54.) Shortly after the motion to vacate was docketed, and before the deadline set by the court for the government to file a response to defendant's § 2255 motion, defendant filed an unsolicited motion for summary judgment. (ECF Nos. 357-59.) The court instructed the government to respond to that motion with its previously-scheduled response to the § 2255 motion. (ECF No. 360.) Following receipt of the government's response, defendant filed an emergency motion to

appoint counsel and a motion for default judgment. (ECF Nos. 363, 367, 370.)

The motions for summary judgment and default judgment are procedurally improper, for the reasons set forth below, and will be denied on that basis. The motion to appoint counsel is rendered moot as a result of these rulings. The court will address the merits of defendant's § 2255 motion, and the related request for an evidentiary hearing, in due course.

## II. Discussion

### A. Motion for Summary Judgment

Defendant asserts twelve grounds on which he claims that he is being confined in violation of the Constitution. (ECF No. 352.) In support of his § 2255 motion, defendant submitted a 65-page affidavit, an 848-page appendix, and a 454-page brief. (ECF Nos. 354.)[1] Eight days after defendant's motion was docketed, and more than a month before the deadline set by the court for the government to respond to the § 2255 motion, defendant filed a motion for summary judgment, with a supporting brief, appendix, and statement of undisputed material facts. (ECF Nos. 357-59.) Defendant seeks judgment as a matter of law on the first two of twelve grounds set forth in the § 2255 motion.

The brief in support of the motion for summary judgment, save a recitation of the law applicable to motions for judgment as a matter of law under Federal Rule of Civil Procedure 56, is a verbatim reproduction of the portion of the brief defendant filed in support of the § 2255 motion that contains defendant's arguments in support of his first two grounds for relief.

---

[1] Due to a docketing error, although the 454-page brief in support of the motion to vacate was sent to the court, it was not docketed at the time the motion to vacate was docketed. The clerk of court has added that document to the docket. (ECF No. 376.) Because defendant's brief had not been docketed at the time the government filed its response to defendant's motion to vacate (ECF No. 363), the court, by separate order (ECF No. 377), set a supplemental briefing schedule with respect to the motion to vacate.

(Compare ECF No. 376 at 13 - 33 to ECF No. 358.) The appendix filed in support of the motion for summary judgment is a subset of the more than 100 exhibits defendant filed in support of the § 2255 motion. (Compare ECF No. 354 to ECF No. 358-1.) The document entitled statement of undisputed facts is essentially a reconfiguration of the arguments defendant makes in the brief. (ECF No. 359.) Although the statement includes citation to some evidentiary facts, in large part, it contains legal argument and citation to legal authority. Under the circumstances, the motion for summary judgment amounts, at best, to an attempt by defendant to obtain expedited review of the first two grounds for relief he asserts in his § 2255 motion, and at worst, to a procedural maneuver to obtain substantive relief by burdening the government and the court with the repetitive exercise of considering certain materials from defendant's already voluminous § 2255 motion twice. Neither is a proper use of the summary judgment device. Defendant's motion for summary judgment is improper and will be denied, without prejudice, on that basis. Defendant will obtain substantive review of the grounds for relief asserted in his § 2255 motion to vacate in due course. The instant motion for summary judgment does not advance this review, and actually interferes with it by requiring that the court expend its limited judicial resources dispensing with unnecessary procedural matters.

In any event, although Federal Rule of Civil Procedure 56 can be invoked in § 2255 proceedings, this court typically does not entertain summary judgment motions in civil matters until the parties make a proffer as to the appropriateness and effectiveness of the motion, and the court enters an order scheduling summary judgment and setting forth detailed procedures and requirements that will apply. The court routinely denies motions for summary judgment that are filed without leave of court and entry of such an order. (12-mc-244, ECF No. 961; 14-cv-434,

3/30/15 Minute Entry.) In the ordinary course of litigation, this court would not entertain an unsolicited motion for summary judgment that consists of a verbatim copy of a subset of the legal arguments and evidence submitted by defendant in support of a previously-filed motion. Defendant's motion for summary judgment will be denied, without prejudice on this alterative basis.

Should the court identify grounds for relief that are amenable to summary disposition, the parties will be notified, and an appropriate summary judgment scheduling order will be entered.

### B. Motion for Default Judgment

Defendant filed a motion for default judgment, pursuant to Federal Rule of Civil Procedure 55, based upon the government's "failure to plead… a legally and factually adequate response" to the motion for summary judgment. (ECF No. 370.) Rule 55 is not a proper basis on which to seek relief for a purported failure to properly respond to a motion for summary judgment. Hudson v. Maynard, No. 09-185, 2010 WL 2757130, at *2 (W.D. Mich. May 26, 2010) (collecting cases). Especially in this case, where the motion for summary judgment was improperly filed, as discussed above, defendant cannot obtain substantive relief due to any alleged procedural deficiency in the government's response. In any event, no purpose would be served by requiring the government to separately respond to a summary judgment motion where the government addressed the same arguments in opposition to the motion to vacate. Nikols v. United States, No. 2:06-00889, 2007 WL 2084841, at *3 (D. Utah July 17, 2007). Defendant's motion for default judgment will be denied on this basis.

Even if Rule 55 applied, default judgment cannot be obtained before the clerk of court enters default. FED. R. CIV. P. 55(a). Defendant did not seek such relief from the clerk of court, nor could he have obtained it under these circumstances. Defendant's motion for default judgment will be denied on this alterative basis.

### C. Motion to Appoint Counsel

Defendant filed an emergency motion to appoint counsel because the "the government… defaulted and [did] not follow[] the federal rules of civil procedure and local rules governing summary judgment," causing him to seek default judgment. (ECF No. 367 at 1; ECF No. 375 at 2.) The court denied both motions earlier in this opinion. It follows that the asserted need for counsel has been eliminated. Defendant's emergency motion for appointment of counsel will be denied as moot.

Although defendant contends that if default judgment is not entered he is entitled to an immediate hearing, at which he must be represented by counsel, the court has not entered an order setting an evidentiary hearing in this matter. (ECF No. 375 at 2.) In the event that such an order is entered, the court will evaluate whether defendant qualifies for the appointment of counsel at that time. Fed. R. §2255 Proc. 8(c). Without the scheduling of such a hearing, however, this provision does not apply, and defendant cannot claim to be entitled to the appointment of counsel on this ground. Notably, defendant did not file a request with his § 2255 motion for the appointment of counsel.

### III. Conclusion

For the reasons set forth above, defendant is not entitled to summary judgment, default judgment, or appointment of counsel. An appropriate order will be entered contemporaneously with this opinion.

Date:   December 2, 2015                    BY THE COURT:


/s/ *Joy Flowers Conti*_____
Joy Flowers Conti
Chief United States District Judge