IN THE UNITED STATES DISTRIC COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEWIS WHOOLERY,
        Petitioner,

v.

UNITED STATES OF AMERICA,
        Respondent.

Criminal Case No. 10-144
Civil Case No. 15-1168

FILED

DEC 15 2015

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

MOTION FOR RECONSIDERATION OF
THE COURT'S DECEMBER 2, 2015
TEXT ORDER

    Before discussing the inappropriate and prejudicial nature of this Court's "unsolicited" decision to give the government an unjustified "Second Bite at the Apple" to respond to my § 2255 Motion to Vacate, I must set the record straight.

    The Court claims my 454 page Memo of Law "was not docketed before the government filed it's response" and as a result deems it necessary to provide the government an <u>unrequested</u> opportunity to further brief the issue, what appears to be an unprecedented opportunity, according to the electronic law library.

    - In my § 2255 motion form, which was docketed on 9-8-2015, No. 352, I referenced the parties 7 different times to my memo of law.

    - When I filed my reply, which was received by the government, I referenced my original memo of law <u>SIXTY-THREE</u>

different times. <u>See</u> Docket No. 371.

- Docket No. 353, which has now been altered, originally referenced my memo of law in support of the motion to vacate.

- My motion for an evidentiary hearing, is a single document. It is referenced as being filed at Docket No. 352, and now Docket No. 353 is allegedly being "Modified" to what - to say it was filed twice?

- Docket No. 354, the first 2 lines state "Appendix (main document is affidavit) filed by Lewis Whoolery to <u>353</u> brief in support" is solely in reference to the motion to vacate referencing my brief in support.

- As plainly stated in my cover letter accompanying my file, I filed 3 copies of my 454 page brief in support of my motion to vacate.

- This Court's logic asks an impartial observer to assume that the clerks office misplaced a 1,362 page (454 X 3) document for 3 months.

These facts clearly demonstrate from the date of filing that the government was fully aware of the existence of my memo of law and proceeded to litigate the case. Significantly, the government has not "Solicited" this second bite at the apple.

It is extremely prejudicial to allow the government an unwarranted briefing opportunity <u>After</u> I have filed my reply.

It is further extremely prejudicial given, the fact that I am incarcerated, and the Court only took this action after the government's default on a properly filed (according to the <u>Federal Rules</u>) summary judgment motion on 2 claims (I and II) of my motion

to vacate.

Clearly, the record fully supports my entitlement to an evidentiary hearing for which counsel will be appointed, and as this Court is well aware counsel and the government will file supplemental briefs apprising the merits after such a hearing.

Therefore, even though the government is, and was, well aware of my memo of law, in support of my motion to vacate (or 'willfully blind' to its existence), the government will receive the opportunity for further briefing, but under the proper procedure not a manufactured one that prejudices the petitioner.

## Conclusion

If the Court is truly concerned about judicial resources, I request this Court to modify it's December 2, 2015 Order Docket No. 377, rescind the briefing schedule, and order an evidentiary hearing and appoint counsel. (1)

Respectfully submitted,

Lewis Whoolery    12-8-15

---

(1) If the Court decides to move forward with allowing the government a "second bite at the apple", I'm requesting an affidavit from the employee(s) of the Clerk of Court's Office that lost the 1362 pages of brief regarding their error and affidavit's from the government's attorney's stating that they did not have knowledge of the memo of law and didn't have a copy of it.

CERTIFICATE OF SERVICE

    I Lewis Whoolery, do hereby swear as follows: On this 8th Day of December, 2015, I served upon the following by first class mail, postage prepaid, by deposit into the U.S. mail box at F.P.C. - Loretto, on copy of the Motion For Reconsideration of the Court's December 2, 2015 Text Order and one copy of the Motion To Reconsider This Court's December 2, 2015 Order Stating "Defendant Is Not Entitled To Summary Judgment" to:

        AUSA Brandan T. Conway
        Attorney's Office, Western District of PA
        US Post Office and Courthouse
        700 Grant St., Suite 4000
        Pittsburgh, PA 15219

    I declare under penalty of perjury, the above is true and accurate this 8th Day of December, 2015.

                                              *Lewis Whoolery* (signature)
                                              Lewis Whoolery