# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>)<br>v. )<br>)<br>LEWIS WHOOLERY, )<br>) | Criminal No. 10-144-02<br>(Civil No. 15-1168) |

# **OPINION**

Lewis Whoolery ("Whoolery") was convicted of wire fraud conspiracy in January 2013, after an eight-day trial in this court, and was sentenced to serve a 120-month sentence of incarceration and to pay almost $2 million in restitution. (ECF Nos. 152, 282.) He is incarcerated at FCI Loretta in Pennsylvania. Pending before the court are four motions filed by Whoolery, pro se. The motions ask this court to enter an indicative order, pursuant to Federal Rule of Civil Procedure 62.1, stating that this court would vacate Whoolery's judgment, pursuant to Federal Rule of Civil Procedure 60(b), if the Court of Appeals for the Third Circuit remanded his case. (ECF Nos. 419-20.) In connection with those motions, Whoolery asks that he be immediately released on bond and that counsel be appointed to assist him with adjudicating the merits of his claims. (ECF Nos. 421, 427.)

This case is presently within the jurisdiction of the Court of Appeals for the Third Circuit due to Whoolery's appeal of this court's order denying the motion to vacate sentence that he filed pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion to Vacate"), and orders denying various motions related to that § 2255 Motion to Vacate. (ECF Nos. 410-11, 413-18.) Whoolery's appeals are pending at Docket Numbers 16-3243 and 16-3483 in the court of appeals, and were consolidated by order dated September 19, 2016. Numerous motions filed by Whoolery are under advisement in the appellate court, such as a motion for a certificate of appealability, a motion to remand, and a motion asking the appellate court to take judicial notice of the proceedings in this court. All these motions were referred to a single panel of the appellate court for adjudication.

### I. Subject-Matter Jurisdiction

In general, the filing of a notice of appeal "is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58-59 (1982). Although there are exceptions, set forth in both case law and rule, none of them apply to Whoolery's Rule 60(b) motion to vacate judgment. See In re Merck & Co. Sec. Litig., 432 F.3d 261 (3d Cir. 2005) (noting that a district court retains the power to "review attorney's fees applications, order the filing of bonds, modify or grant injunctions, issue orders regarding the record on appeal, and vacate bail bonds and order arrests" while a case is on appeal); Bensalem Twp. v. Int'l Surplus Lines Ins. Co., 38 F.3d 1303, 1314 (3d Cir. 1994) (holding that the filing of a premature notice of appeal does not divest a district court of jurisdiction); Venen v.

2

Sweet, 758 F.3d 117, 121 (3d Cir. 1985) (holding that the filing of a notice of appeal from an unappealable order does not divest a district court of jurisdiction); FED. R. APP. P. 4(a)(4) (stating that if a party timely files a motion for judgment under Rule 50(b), to amend or make additional factual findings under Rule 52(b), for attorney's fees under Rule 54 (if the district court has extended the time to appeal under Rule 58), or to alter or amend the judgment under Rule 59, the time for filing an appeal runs from the entry of the order disposing of the last such motion and any existing notice of appeal becomes effective only when the last of those motions is decided).

Whoolery's Rule 60(b) motion does not fall within any exception and, therefore, the general rule that the filing of a notice of appeal divests a district court of jurisdiction to consider motions filed in the district court after a notice of appeal has been filed applies in this case. Venen, 758 F.2d at 123. By virtue of the appeals pending at the Court of Appeals for the Third Circuit, this court does not have subject-matter jurisdiction over Whoolery's Rule 60(b) motion, which seeks relief from his 2013 criminal judgment. (ECF No. 420.) That motion, and the related motions seeking bond and the appointment of counsel, ECF Nos. 421, 427, will be denied on this basis.

**II. Indicative Ruling**

Whoolery essentially concedes that this court lacks jurisdiction to adjudicate his Rule 60(b) motion on its merits due to the pendency of his appeals. Contemporaneously with his Rule 60(b) motion to vacate, Whoolery filed a motion seeing an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1. (ECF Nos. 419-20.) Federal Rule of Civil Procedure 62.1 allows a district court to issue an indicative ruling on a motion for

relief from judgment when ruling on such a motion is barred by a pending appeal. FED. R. CIV. P. 62.1. A district court can dispose of a motion pursuant to this rule in one of four ways: (1) it may defer considering the motion; (2) it may deny the motion; (3) it may state that it would grant the motion if the court of appeals remands for that purpose; or (4) it may state that the motion raises a substantial issue. Id. When the district court indicates that it would grant the motion for relief, the court of appeals may remand at its discretion. FED. R. APP. P. 12.1(b).

Whoolery's motion for an indicative ruling pursuant to Rule 62.1 will be denied because, for the reasons that follow, Whoolery's Rule 60(b) motion to vacate would be denied if the appellate court remanded this case. Remand is also inappropriate because Whoolery's Rule 60(b) motion does not raise any substantial issues. Whoolery's motion is based largely upon the following premise: the Assistant United States Attorney who prosecuted him allegedly conceded at the change of plea hearing of codefendant Jason Sheraw ("Sheraw") that the government would be unable to prove at trial that Sheraw and Whoolery entered into an agreement to allow a third codefendant, Kimberly Baldwin ("Baldwin"), to submit fraudulent real estate appraisals using Sheraw's name and licensing credentials. From this single premise, Whoolery argues that: (1) the government a) withheld exculpatory and impeachment material about the circumstances surrounding Sheraw's involvement in the charged wire fraud conspiracy and b) engaged in prosecutorial misconduct by offering evidence at Whoolery's trial that Sheraw and Whoolery had an agreement about Baldwin's use of Sheraw's license; and (2) Whoolery's own trial attorney was ineffective because he failed to a) stop the

4

government attorney's misconduct, b) call Sheraw to testify on behalf of the defense, and c) impeach the government's witnesses with Sheraw's denial, at his guilty plea, of having entered into an agreement with Whoolery about Baldwin's use of his credentials. (ECF No. 420.)

There are four fundamental, and independently dispositive, defects in Whoolery's argument. First, the government attorney never conceded at Sheraw's change of plea hearing that the government would have been unable to prove at trial that Sheraw entered into a criminal agreement with Whoolery. Second, Sheraw pleaded guilty to engaging in the same wire fraud conspiracy of which Whoolery was convicted. Third, Whoolery already presented evidence with his § 2255 Motion to Vacate that Sheraw disavowed entering into a criminal agreement with Whoolery, but the court found that the evidence was insufficient to overcome the overwhelming "substantial and consistent trial testimony that established Whoolery's actual knowledge of the [wire fraud] conspiracy." (ECF No. 410 at 50-51.) Fourth, the factual and legal basis of Sheraw's guilty plea in January 2013 is not new, or newly discovered, evidence, making Whoolery's motion procedurally improper in any event.

### A. Lack of Government Concession

Whoolery was charged with one count of conspiracy to commit wire fraud, specifically, a mortgage fraud scheme pursuant to which, among other things, unlicensed individuals prepared real estate appraisals that were fabricated or falsified in various ways. (ECF No. 46.) Sheraw was charged with the same crime, in the same indictment, and was scheduled to be tried jointly with Whoolery in January 2013. (Id.) The day

5

before jury selection commenced, Sheraw pleaded guilty to the charged wire fraud conspiracy. (United States v. Sheraw, Crim. No. 10-144-03 (W.D. Pa.), ECF No. 143.) Whoolery persisted in his not guilty plea and went to trial. The jury found that Whoolery was guilty of the same wire fraud conspiracy to which Sheraw pleaded guilty. (ECF No. 152.) Whoolery contends that his conviction and sentence must be vacated because the government accepted Sheraw's version of the facts at his change of plea hearing. This contention is contradicted by the record.

Sheraw's change of plea hearing was held in open court on January 14, 2013. (United States v. Sheraw, Crim. No. 10-144-03 (W.D. Pa.), ECF No. 412 at 2 (ln.1).) At that hearing, the government attorney set forth the elements of the charge of conspiracy to commit wire fraud, which included, among other things, that there was an agreement or understanding to violate federal law and defendant deliberately became part of the agreement or understanding to violate federal law and knowingly and willfully participated in the scheme to defraud. (Id. at 15.) The government attorney summarized the evidence that the government would produce at Sheraw's trial, which included that Sheraw knew that Balwdin was preparing fraudulent real estate appraisals using Sheraw's name and licensing credentials and that Sheraw was receiving cash payments from Whoolery in exchange for allowing Baldwin to use Sheraw's licensing credentials. (Id. at 16-20.)

Following the government's recitations, Sheraw's counsel stated that Sheraw admitted that the government could establish the elements of the charged conspiracy to commit wire fraud, agreed that there was a factual basis for the guilty plea, and accepted responsibility for the wire fraud conspiracy. (Id. at 20.)  Sheraw's counsel, however, disputed that there was any "direct evidence that [Sheraw] knew" that Baldwin was using his licensing credentials to submit fraudulent appraisals. (Id. at 20-21.)  Defense counsel stated that the evidence would prove only that Sheraw should have known, and consciously disregarded, that Baldwin was engaged in such misconduct, subjecting Sheraw to criminal liability under a willful blindness theory. (Id. at 21.)  After Sheraw's counsel reiterated that Sheraw accepted responsibility for the wire fraud conspiracy and acknowledged that there was a factual basis for establishing the charged crime, and after Sheraw personally confirmed to the court that he wished to plead guilty, the court accepted Sheraw's guilty plea. (Id. at 21.)

Sheraw and the government were in agreement that there was a sufficient factual basis for Sheraw's guilty plea under Federal Rule of Criminal Procedure 11(b)(3).  The government never stipulated or agreed to Sheraw's version of the facts, or admitted that it would have been unable to prove facts at trial establishing that Sheraw and Whoolery entered into an agreement to allow Baldwin to use Sheraw's licensing credentials in exchange for cash payments, as the government proffered at Sheraw's change of plea hearing.  Notably, the government attorney never recanted his factual proffer after Sheraw's attorney explained Sheraw's desire to plead guilty under a willful blindness theory of liability. (United States v. Sheraw, Crim. No. 10-144-03 (W.D. Pa.), ECF No.

7

412 at 21.)

The government presented evidence consistent with the proffer it made at Sheraw's change of plea hearing during Whoolery's trial. Various witnesses testified about the agreements that Whoolery had with Sheraw, Jeanette Gray, and other licensed appraisers, to allow Baldwin to use their licensing credentials to prepare fraudulent real estate appraisals. (ECF No. 207 at 58 (ln. 21) – 59 (ln. 3), 62 (ln. 22 – 63 (ln. 10), 63 (ln. 10); ECF No. 209 at 161 (ln. 18) – 163 (ln. 18), 164 (lns. 7-9), 181 (ln. 19) – 182 (ln. 6); ECF No. 210 at 42 (lns. 7-15), 86 (lns. 2-23), 89 (lns. 1-7), 158 (lns. 1-13); ECF No. 211 at 15 (lns. 3-11), 138 (lns. 10-22).) Contrary to Whoolery's contention, the government did not knowingly present "false testimony" to the court by offering these witnesses after not objecting to the court's authority to accept Sheraw's guilty plea under a willful blindness theory of liability. (ECF No. 420 at 3, 25.) No "law of the case" was created about Sheraw's involvement in the charged wire fraud conspiracy during Sheraw's change of plea hearing, other than Sheraw's admission that the government could prove each element of the charge against him, including that Sheraw entered into an agreement to allow Baldwin to use Sheraw's licensing credentials to create fraudulent appraisals. (ECF No. 420 at 24, 26.)

These considerations show that Whoolery's Rule 60(b) motion is meritless and does not raise any substantial questions warranting remand from the court of appeals.

## B. Sheraw's Guilty Plea

Whoolery's present claim that the transcript of Sheraw's guilty plea hearing mandates that his conviction and sentence be vacated is directly contradicted by the unquestionable fact that Sheraw pleaded guilty to one count of conspiracy to commit wire fraud. Whoolery does not, and cannot, dispute that one day before his trial began, Sheraw pleaded guilty to engaging in the same wire fraud conspiracy of which Whoolery was convicted. (United States v. Sheraw, Crim. No. 10-144-03 (W.D. Pa.), ECF No. 143.) As detailed above, although Sheraw's counsel asserted at his change of plea hearing that the government had no "direct evidence" that Whoolery and Sheraw had an agreement, and argued that the evidence at trial would prove, at most, that Sheraw should have known of, but disregarded, Baldwin's misuse of his credentials, Sheraw nevertheless pleaded guilty to engaging in the charged wire fraud conspiracy with Whoolery. (United States v. Sheraw, Crim. No. 10-144-03 (W.D. Pa.), ECF No. 412 at 20-21.)

In order to plead guilty Sheraw was required to, and did, acknowledge that the government could establish the elements of the charged conspiracy to commit wire fraud. FED. R. CRIM. P. 11(b)(3); (United States v. Sheraw, Crim. No. 10-144-03 (W.D. Pa.), ECF No. 412 at 20.) Sheraw agreed at his change of plea hearing that there was a factual basis for the guilty plea, and accepted responsibility for the wire fraud conspiracy. (Id.) Had Sheraw refused to make these acknowledgements, this court could not have accepted his guilty plea. Sheraw's counsel's dispute about what the evidence would or would not have proven at Sheraw's trial, and Whoolery's current argument about the impact of that

9

dispute, does not negate Sheraw's guilty plea. The unassailable fact remains that Sheraw pleaded guilty to engaging in a wire fraud conspiracy with Whoolery, and was sentenced to serve a six-month term of incarceration, to be followed by one year of supervised release, with the first six months to be served on home detention with electronic monitoring. (United States v. Sheraw, Crim. No. 10-144-03 (W.D. Pa.), ECF No. 284.)

The existence of Sheraw's guilty plea, and subsequent criminal judgment, show that Whoolery's Rule 60(b) motion is meritless and does not raise any substantial questions warranting remand from the court of appeals.

### C. Overwhelming and Independent Evidence of Whoolery's Guilt

As the court found repeatedly in its lengthy opinion denying Whoolery's § 2255 Motion to Vacate, the evidence of Whoolery's guilt at trial was overwhelming and did not turn on whether Whoolery paid Sheraw in exchange for allowing Baldwin to use Sheraw's licensing credentials. (ECF No. 410 at 14-16, 41, 50-51, 54, 59, 61, 75-76, 103, 105, 110, 118, 123.) This finding is fatal to Whoolery's present assertion that the government's conduct violated Brady and its progeny. Strickler v. Greene, 527 U.S. 263, 280-82, 291 (1999) (a defendant bears the burden of establishing a reasonable probability that the result of the proceeding would have been different).

The court reached this conclusion even though Whoolery argued in his § 2255 Motion to Vacate that he would have been acquitted if Sheraw testified at his trial. In connection with that motion, Whoolery submitted a declaration from Sheraw in which Sheraw disavowed that he had any agreement with Whoolery about the fraudulent use of his licensing credentials. (ECF No. 410 at 51.) The court considered and explicitly

rejected that assertion in the July 2016 opinion denying Whoolery's § 2255 Motion to Vacate. (e.g., ECF No. 410 at 51.) In the opinion denying Whoolery's § 2255 Motion to Vacate, the court explained that even accepting Sheraw's declaration statements as true, they did not contradict the substantial evidence admitted at trial establishing that Whoolery paid another individual, Jeanette Gray, to allow Baldwin to use her licensing credentials to create fraudulent real estate appraisals. (Id.) The court noted that the evidence about Whoolery and Gray was sufficient to sustain Whoolery's conviction for the charged wire fraud conspiracy, even if Whoolery never had an agreement with Sheraw. (Id.)[1]

The same analysis applies to Whoolery's current contention that the outcome of his trial would have been different if Sheraw's change of plea hearing transcript[2] was used during cross-examination to impeach the myriad government witnesses who

---

[1] To the extent Whoolery contends that this court ruled incorrectly, or failed to fully consider his argument attacking trial counsel's failure to call Sheraw to testify, Whoolery must raise those arguments in the appeal from this court's order denying his § 2255 Motion to Vacate, not by way of a Rule 60(b) motion. (ECF No. 428 at 4, 6.) Notably, although Whoolery contends that Sheraw would have testified in accordance with the declaration Sheraw executed in connection with Whoolery's § 2255 Motion to Vacate, ECF No. 420 at 18, the declaration nowhere indicates that Sheraw was willing to testify in this manner during Whoolery's trial. Given that Whoolery's trial took place before Sheraw was sentenced, and that Sheraw's denial of responsibility for the crime to which he pleaded guilty at Whoolery's trial could have jeopardized the validity of his guilty plea, this point is not a mere technicality. Notably, at the time Sheraw executed the declaration, he was no longer serving any part of his federal sentence.

[2] The transcript of Sheraw's change of plea hearing was not ordered by any party at the time of Whoolery's trial. The court ordered that the transcript be produced while Whoolery's § 2255 motion to vacate was pending in order to complete the record for purposes of appeal given that Whoolery contended in that motion that Sheraw's testimony at trial that he had no agreement with Whoolery would have resulted in Whoolery's acquittal. (ECF No. 409.) The transcript of Sheraw's change of plea hearing was filed by the court reporter at criminal action number 10-144-03 and was provided directly to Whoolery, through his agents. (United States v. Sheraw, Crim. No. 10-144-03 (W.D. Pa.), ECF No. 412, ECF No. 420 at 5.)

testified that Whoolery arranged for Baldwin to use Sheraw's license, and other appraisers' licenses. As summarized several times in this opinion, Sheraw did not deny at his guilty plea hearing that he agreed with Whoolery to allow Baldwin to use his licensing credentials. Instead, Sheraw's attorney stated that the government had no "direct evidence" of such an agreement, and argued that the evidence at trial would establish only Sheraw's willful blindness of Baldwin's misuse of his licensing credentials. Importantly, in that same proceeding, Sheraw was required to, and did, personally admit to the court that he was guilty of engaging in the charged wire fraud conspiracy with Whoolery. Had Sheraw not done so, he could not have pled guilty. Under the circumstances, Whoolery's contention that he would have been acquitted had the government's witnesses been confronted with Sheraw's change of plea hearing transcript is not viable. In that transcript, Sheraw accepts criminal responsibility for being a member of the same wire fraud conspiracy for which Whoolery was being tried. Whoolery, therefore, could not establish the requisite reasonable probability that the result of his trial would have been different if Sheraw testified or if his change of plea hearing transcript had been used to impeach the government's witnesses.

It is worth noting at this juncture that Sheraw did not testify at Whoolery's trial. Baldwin did. She testified that she was present when Whoolery and Sheraw met at a restaurant in Pittsburgh, Pennsylvania, and reached an agreement to allow her to use Sheraw's licensing credentials in exchange for substantial cash payments. (ECF No. 209 at 161-63.) Presumably, Whoolery believes that Sheraw would have testified at his trial that either the meeting never took place, or the terms of his agreement with Whoolery

12

were not as Baldwin claimed. Such testimony, however, would not have contradicted the substantial independent testimonial and documentary evidence establishing that Baldwin, in fact, used Sheraw's licensing credentials to create fraudulent appraisals and Sheraw was, in fact, paid by Whoolery for allowing Baldwin to use his credentials. Sheraw's presumed testimony also would not have contradicted the fact that Sheraw pleaded guilty to the same wire fraud conspiracy for which Whoolery was then being tried, explicitly accepting responsibility for the crime.

Because there was overwhelming and independent evidence of Whoolery's guilt, that would not have been contradicted by the transcript of Sheraw's change of plea hearing or Sheraw's purported trial testimony, Whoolery's Rule 60(b) motion is meritless and does not raise any substantial questions warranting remand from the court of appeals.

### D. **The Sheraw Change of Plea Evidence is Not New**

Finally, Whoolery's contention, sometimes made implicitly, that the information about Sheraw's change of plea is new evidence is factually unsound. Sheraw's change of plea hearing was held before Whoolery's trial began. (United States v. Sheraw, Crim. No. 10-144-03 (W.D. Pa.), ECF No. 143.) The hearing was held in open court. (United States v. Sheraw, Crim. No. 10-144-03 (W.D. Pa.), ECF No. 412 at 2 (ln. 1).) A transcript of the change of plea hearing was available at any time after the hearing, upon request and payment to the court reporter. A transcript, however, was never requested, and did not appear on the docket. The court, therefore, ordered that the transcript be produced so that the record would be complete for purposes of any appeal taken in connection with Whoolery's § 2255 Motion to Vacate. See n.2, supra. As detailed below, the fact that the

13

transcript was not filed until July 2016, and was placed by the court reporter on Sheraw's docket, and not Whoolery's docket, however, does not render the factual and legal circumstances under which Sheraw pleaded guilty in January 2013 new.

A district court lacks the power to consider a second or successive motion that asserts a claim for relief from a criminal judgment, absent certification from the court of appeals. Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). Newly discovered evidence, however, can entitle a litigant to relief under Rule 60(b)(2) or justify the filing of a second or successive § 2255 Motion to Vacate. FED. R. CIV. P. 60(b)(2); United States v. Doe, 810 F.3d 132, 149 (3d Cir. 2015) (successive § 2255 motion permitted when newly discovered evidence clearly shows that the movant is factually innocent of the crime of which he was convicted).[3] The factual and legal circumstances of Sheraw's guilty plea, however, are not new evidence; the transcript of that change of plea hearing also is not new evidence. The fact that Whoolery's trial counsel did not pursue the claims being

---

[3] The court recognizes that when a Rule 60(b) motion attacks some defect in the procedure or integrity of the federal habeas proceedings, instead of attacking the federal court's resolution of a previous § 2255 motion on the merits, it should be adjudicated and not considered a second, or successive § 2255 motion. United States v. Andrews, 463 F.App'x 169, 171-72 (3d Cir. 2012) (citing Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)); United States v. Watkins, No. 04-309, 2014 WL 5760695, at *1 (W.D. Pa. Nov. 5, 2014). Whoolery attempts to transform his direct and substantive attacks on his criminal conviction into attacks on the procedures and "integrity of the § 2255 proceeding," e.g., challenging the manner in which the court ordered and the court reporter docketed the transcript of Sheraw's change of plea hearing. The gravamen of Whoolery's Rule 60(b) motion, however, is that he was wrongly convicted in 2013, as is now purportedly further evidenced by the fact that Sheraw asserted at his change of plea hearing that the government could not prove that he had an agreement with Whoolery through direct evidence, and pleaded guilty under a willful blindness theory. (ECF No. 420 at 1, 5-6; ECF No. 428 at 3-4.) Whoolery's Rule 60(b) motion asserts a claim for relief from his criminal judgment and is, therefore, a second or successive § 2255 motion, which this court is not empowered to adjudicate without the approval of the court of appeals. United States v. Hawkins, 614 F. App'x 580, 582 (3d Cir. 2015).

made by Whoolery now, or that Whoolery did not do so while he was litigating his § 2255 Motion to Vacate does not turn something that happened in open court in 2013 into new evidence in 2016.

The arguments that Whoolery makes in his Rule 60(b) motion about how Sheraw's guilty plea impacted his criminal conviction were available to Whoolery both at the time of his trial and at the very latest, at the time of his § 2255 Motion to Vacate. Whoolery knew when Sheraw executed the declaration that was submitted with his § 2255 Motion to Vacate that Sheraw claimed that he never had an agreement with Whoolery to allow Baldwin to use his licensing credentials to submit fraudulent appraisals. (ECF No. 420 at 7 (Whoolery citing to his § 2255 reply brief as raising arguments about the need for Sheraw's testimony at his trial).) Whoolery's failure to investigate Sheraw's declaration statements, either by asking Sheraw about the terms of his guilty plea or by ordering a transcript of Sheraw's change of plea hearing does not render this attack on the propriety of Whoolery's conviction new. Facts and theories that were available when the § 2255 Motion to Vacate was filed cannot be raised later under the guise of a Rule 60(b) motion for relief from judgment. United States v. Hawkins, 614 F.App'x 580, 581-82 (3d Cir. 2015).

For these reasons, Whoolery's Rule 60(b) motion would be denied on the grounds that it is procedurally improper, making remand from the court of appeals unnecessary.

### III.  **Conclusion**

For the foregoing reasons, the court denies Whoolery's motion for an indicative ruling.  The court finds no basis on which it would grant Whoolery relief pursuant to his Rule 60(b) motion and that the motion raises no substantial questions.  Whoolery's related motions for bond and the appointment of counsel are denied.

A separate order disposing of all motions pending in this case will be entered contemporaneously with this opinion.


Date:  January 18, 2017                                          BY THE COURT:

/s/ *Joy Flowers Conti*_____
Joy Flowers Conti
Chief United States District Judge


cc:     Lewis Whoolery, 34634-068
        FCI Loretto, Federal Prison Camp
        P.O. Box 1000
        Loretto, PA  15940