# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>)<br>)<br>) |
| v. | ) Criminal No. 10-144-02<br>)  (Civil No. 15-1168) |
| LEWIS WHOOLERY, | )<br>)<br>) |

## MEMORANDUM OPINION

Conti, Chief District Judge.

Now pending are more pro se motions filed by defendant Lewis Whoolery: (1) a motion under Federal Rule of Civil Procedure 60(b)(3) (ECF No. 438); (2) a motion for recusal of this member of the court pursuant to 28 U.S.C. § 455(a) (ECF No. 439); and (3) a motion to stay adjudication of the Rule 60 motion until after recusal (ECF No. 440). The government filed an omnibus response in opposition to the motions (ECF No. 442). The court permitted Whoolery to file a reply brief and supplement. (ECF Nos. 445, 446). Whoolery filed a motion to withdraw the motions at ECF Nos. 439 and 440. (ECF No. 447). Whoolery then filed a motion to reinstate those motions (ECF No. 448), which the court granted. (ECF No. 449). The motions are ripe for decision.

I. Factual and Procedural Background

The procedural history of this case is tortuous and will not be repeated in full. As relevant to the pending motions, Whoolery was convicted of wire fraud conspiracy in January 2013, after an eight-day trial in this court, and was sentenced to serve a 120-month sentence of incarceration and to pay almost $2 million in restitution. (ECF Nos. 152, 282.) Whoolery filed a

direct appeal and his conviction and sentence were affirmed. (ECF No. 332).

Whoolery filed a § 2255 motion, which this court denied. (ECF Nos. 410, 411). Whoolery again appealed.[1] While his appeal was pending at the court of appeals, Whoolery filed several additional motions in this court. On January 18, 2017, the court issued an opinion and order which denied Whoolery's Rule 60(b) motion to vacate judgment (ECF No. 420), his motion for bond (ECF No. 421), and his motion for appointment of counsel (ECF No. 427), for lack of subject-matter jurisdiction due to the pendency of his appeal, and denied his motion for an indicative ruling (ECF No. 419), commenting that it did not raise a substantial issue warranting remand from the Court of Appeals for the Third Circuit. (ECF Nos. 429, 430).

On February 13, 2017, the United States Court of Appeals for the Third Circuit issued an order denying Whoolery's appeal. The court of appeals refused Whoolery's request for a certificate of appealability and explained that he had failed to make a substantial showing of prejudice with respect to his ineffective assistance of counsel, prosecutorial misconduct, or Brady v. Maryland, 373 U.S. 83 (1963) claims. (ECF No. 432). The court of appeals commented that "the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Id*.

On February 24, 2017, this court denied Whoolery's motion for reconsideration of its January 18, 2017 decision. (ECF No. 434). Whoolery appealed again. On June 30, 2017, the court of appeals summarily denied Whoolery's application for a certificate of appealability, stating:

> Jurists of reason would agree that the District Court correctly denied his motions under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam); *Morris v. Horn*, 187 F.3d 333, 339 (3d Cir. 1999). Whoolery's claims relying on Jason

---

[1] Whoolery also appealed the denial of various motions related to the § 2255 motion. (ECF Nos. 410-11, 413-18.) The appeals were docketed at Docket Numbers 16-3243 and 16-3483 in the court of appeals, and were consolidated by order dated September 19, 2016.

Sheraw's guilty-plea colloquy lack merit for the numerous reasons described in great detail by the District Court.

(ECF No. 437).

Undeterred, Whoolery then filed the pending motions. The substance of the motions is based, yet again, on alleged prosecutorial misconduct arising from an alleged inconsistent position taken during the guilty plea of Jason Sheraw. This argument was previously raised and addressed. (ECF No. 429). Whoolery also points to the prosecutor's misconduct in an unrelated case before a different judge, United States v. Kubini, No. 11-14, 2017 WL 2573872 (W.D. Pa. June 14, 2017).[2]

II. Legal Analysis

A motion for reconsideration should be granted only where the moving party establishes one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Telfair v. Lynch*, No. CV 16-5085 (SDW), 2016 WL 7015628, at *4 (D.N.J. Dec. 1, 2016). Whoolery made no such showing. The only material development in this case since this court's denial of Whoolery's prior motion for reconsideration in February 2017, i.e., the decision of the court of appeals in June 2017, confirms that Whoolery's arguments are without merit and that he is not entitled to a certificate of appealability.

The court of appeals has explained that "when reviewing a Rule 60(b) motion brought following an appeal, district courts are 'without jurisdiction to alter the mandate of this court on the basis of matters included or includable in [the party's] prior appeal.'" *Bernheim v.*

---

[2] Whoolery is not identified as one of the participants in the wire fraud conspiracy at issue in Kubini. *Id.* at *4.

*Jacobs*, 144 F. App'x 218, 222 (3d Cir. 2005) (*quoting Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336 (3d Cir. 1982)). "This rule applies to Rule 60(b) motions brought by an unsuccessful habeas petitioner after the conclusion of his appeal." *Garcia v. Bartkowski*, No. CV 11-3689(MCA), 2016 WL 7013460, at *6 (D.N.J. Nov. 30, 2016) (*citing McCollister v. Cameron*, No. CIV.A. 11-0525, 2014 WL 4055821, at *3 (E.D. Pa. Aug. 14, 2014) (finding no jurisdiction to consider Rule 60(b) motion where the court of appeals had considered the issues raised by petitioner in denying appeal)); *see Williams v. Patrick*, No. CIV.A. 07-776, 2014 WL 2452049, at *3 (E.D. Pa. June 2, 2014) (a motion based on matters that were before the court of appeals may not be reviewed subsequently by the district court).

The February 13, 2017 order by the court of appeals deprives this court of jurisdiction to consider Whoolery's instant arguments because those arguments were included or includable in his appeal. In the pending motions, Whoolery reiterates his contentions regarding Brady v. Maryland and alleged prosecutorial misconduct and seeks a certificate of appealability. The court of appeals specifically denied Whoolery's request for a certificate of appealability and stated that he failed to make a substantial showing of prejudice with respect to his ineffective assistance of counsel, prosecutorial misconduct, or Brady v. Maryland claims. (ECF No. 432). On June 30, 2017, the court of appeals again summarily denied Whoolery's application for a certificate of appealability, explaining that his claims "lack merit for the numerous reasons described in great detail by the District Court." (ECF No. 437).

The court adheres to its conclusions that Whoolery failed to raise any substantial issue which would warrant relief. There is no basis for recusal under 28 U.S.C. § 455(a). Whoolery's arguments have been thoroughly considered and rejected, multiple times, by this court and the court of appeals. Further repetitive filings by Whoolery may be regarded as vexatious. *See, e.g., Chipps v. United States Dist. Ct. (M.D. Pa.)*, 882 F.2d 72, 73 (3d Cir. 1989)

(proper remedy for vexatious litigant was "preclusion of future lawsuits arising out of the same matters that were the subject of the [prior] dismissed actions").

Conclusion

For the foregoing reasons, Whoolery's motion under Federal Rule of Civil Procedure 60(b)(3) (ECF No. 438) will be DENIED; his motion for recusal of this member of the court pursuant to 28 U.S.C. § 455(a) (ECF No. 439) will be DENIED; and his motion to stay adjudication of the Rule 60 motion until after recusal (ECF No. 440) will be DENIED AS MOOT.  A certificate of appealability shall not issue.

An appropriate order follows.

August 21, 2018

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) |
| v. | ) Criminal No. 10-144-02 |
| | )  (Civil No. 15-1168) |
| LEWIS WHOOLERY, | ) ) ) |

## ORDER

AND NOW, this 21st day of August, 2018, for the reasons set forth in the accompanying opinion, IT IS HEREBY ORDERED that Lewis Whoolery's motion under Federal Rule of Civil Procedure 60(b)(3) (ECF No. 438) is DENIED; his motion for recusal of this member of the court pursuant to 28 U.S.C. § 455(a) (ECF No. 439) is DENIED; and his motion to stay adjudication of the Rule 60 motion until after recusal (ECF No. 440) is DENIED AS MOOT.  A certificate of appealability shall not issue.

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge

cc:    Lewis Whoolery, 34634-068
       FCI Loretto, Federal Prison Camp
       P.O. Box 1000
       Loretto, PA  15940