# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | Criminal No. 10-144-02 |
| ) | |
| **LEWIS WHOOLERY,** ) | |

## OPINION

Now pending is a pro se motion filed by defendant Lewis Whoolery ("Whoolery") seeking a judicial recommendation for residential reentry center ("RRC") placement pursuant to 18 U.S.C. § 3624(c) (ECF No. 453). The government filed a response in opposition to the motion, (ECF No. 455). The motion is ripe for decision.

By statute, Congress directed the Bureau of Prisons ("BOP") to provide for a period of transition from prison to the community, as follows:

(c) Prerelease custody.—

(1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c). Whoolery recognizes that the court lacks authority to order the BOP to modify his sentence. Instead, he asks the court to recommend to the BOP that he be placed in a halfway house for the final 12 months of his sentence. Whoolery cites 18 U.S.C. § 3621 (b)(4) for the proposition that the BOP's designation of the place of imprisonment must consider "any statement by the court that imposed the sentence-- (A) concerning the purposes for which the

sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate."

Whoolery seeks a judicial recommendation based on: (1) his exemplary prison record; and (2) his desire to be nearer to his 12-year-old daughter. Whoolery attached a declaration, an Individualized Reentry Plan, a Ph.D. diploma in Natural Medicine from Kingdom College of Natural Health and a transcript reflecting a 3.96 GPA in his coursework. Whoolery states that he has exceeded all the sentencing recommendations made by the court, including vocational training and addressing his mental health issues.

The government opposes the motion. The government points out, correctly, that Whoolery was convicted of a significant fraud crime, argues that many of Whoolery's court filings while incarcerated contained false representations and suggests that the court should not believe Whoolery's declarations in support of this motion. The government further argues that based on the numerous post-conviction motions filed by Whoolery asserting his innocence, he has failed to accept responsibility for his criminal conduct, which should be the first step in his rehabilitation.

The court has no reason to doubt the veracity of Whoolery's representations in his declaration. On the other hand, the court has no recent, first-hand knowledge of Whoolery's character and conduct. He has been in the custody of the BOP since January 2, 2014. The court must defer to the BOP's observations and evaluations of his behavior since that time about whether or not he has an exemplary prison record. Whoolery's desire to be closer to his daughter, while laudable and understandable, does not warrant special treatment because many inmates share that desire.

In summary, the responsibility to properly designate placement for inmates rests squarely with the BOP. The court defers to the BOP's decision with respect to Lewis Whoolery, and notes that it would not have any objection to him being placed in a halfway house for the final 12 months of his sentence. The motion for a judicial recommendation will be denied.

An appropriate order follows.

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Senior United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 10-144-02 |
| ) | |
| LEWIS WHOOLERY, ) | |

## ORDER

AND NOW, this 22nd day of August, 2019, for the reasons set forth in the accompanying opinion, IT IS HEREBY ORDERED that Lewis Whoolery's motion seeking a judicial recommendation for RRC placement pursuant to 18 U.S.C. § 3624(c) (ECF No. 453) is DENIED.  The court, however, would not object to Lewis Whoolery being placed in a halfway house by the Bureau of Prisons for the final 12 months of his sentence.

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Senior United States District Judge

cc: Lewis Whoolery, 34634-068
Federal Prison Camp Miami
P.O. Box 779800
Miami, FL 33177