# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) ) |
| v. | ) Criminal No. 10-144-02 |
| **LEWIS WHOOLERY,** | ) ) ) ) ) |

# **OPINION**

Now pending are: (1) an "actual innocence" motion filed by pro bono counsel on behalf of defendant Lewis Whoolery ("Whoolery") under Federal Rule of Civil Procedure 60(b)(6) seeking immediate release from custody (ECF No. 459); (2) Whoolery's motion for an order directing the clerk to restore its official docket and files (ECF No. 465); and (3) the government's motion to dismiss Whoolery's "actual innocence" motion (ECF No. 466), to which Whoolery filed a response in opposition (ECF No. 467). The motions are ripe for decision.

Motion to Restore the Docket (ECF No. 465)

The court must first address Whoolery's motion asking the clerk to restore its official docket. Whoolery's counsel believes that the case file is incomplete, and that a large amount of evidence is "missing." Counsel infers that voluminous evidence referenced in the court's July 2016 opinion has been removed from the file. He asks the court to inquire when the evidence was removed and to take remedial measures. Whoolery's counsel represented that he attached a true and correct copy of the ECF system docket report to his motion (ECF No. 465 at 2), but failed to do so. The court, therefore, is unable to confirm what report counsel relied upon.

Whoolery's counsel, however, did refer to certain ECF numbers. With respect to those ECF numbers, this motion is apparently based upon a fundamental misunderstanding by counsel. The documents that counsel believes are "missing" are, in fact, still on the docket and part of the file. Counsel's speculations regarding removal of information are unsupported.

Regarding the specific ECF numbers identified by counsel:

1. ECF No. 354: ECF No. 354 is the appendix to Whoolery's § 2255 motion, filed September 8, 2015. There are 102 attached exhibits (ECF Nos. 354-1 to 354-102). The docket report reflects that ECF No. 354 was "Modified on 4/26/2016 to restrict access, after the court identified personal information (such as social security numbers and addresses) in certain exhibits." ECF No. 354 and all the exhibits remain accessible to the court on the CM/ECF system. Whoolery may file a redacted version of this appendix, i.e., redact all the personal identifiers. It is not the court's responsibility to redact that information.

2. ECF No. 376: ECF No. 376 is Whoolery's brief in support of his § 2255 motion. Because the brief is lengthy, there are 8 subparts (ECF Nos. 376-1 to 376-8). ECF No. 376 contains a total of 627 pages. This document remains on the docket, although it is not filed in numerical order. It is listed after ECF No. 354 and before ECF No. 355, with a filing date of September 8, 2015. Access to this document is not restricted. ECF No. 376 and all subparts remain accessible to the court and the public on the CM/ECF system.

3. Witness summary of Donald Bartolomucci. Counsel did not provide an exhibit number or docket number. The court will not undertake an unguided search through this voluminous record based solely upon counsel's unsupported speculation that this document was somehow removed from the record. The court's July 15, 2016 opinion stated that a summary of a witness interview was attached to Whoolery's § 2255 motion

(i.e., in ECF No. 354), although Whoolery failed to submit a declaration or affidavit from Bartolomucci. All the exhibits attached to Whoolery's § 2255 motion (ECF No. 354) remain on the CM/ECF system.

The motion to restore the docket (ECF No. 465) will be DENIED. Counsel is reminded of his professional duty to conduct a diligent investigation before making representations to the court. *See* Fed. R. Civ. P. 11(b), (c).

Government's motion to dismiss Whoolery's "actual innocence" motion (ECF No. 466)

The government contends that this court lacks jurisdiction to rule on Whoolery's "actual innocence" motion. The government argues that the motion, in actuality, constitutes a second or successive § 2255 motion, for which Whoolery failed to obtain authorization from the court of appeals. In the alternative, the government argues that Federal Rule of Civil Procedure 60 does not apply in criminal cases and that Whoolery's motion is untimely filed.

Whoolery recognizes that, because his first § 2255 motion was unsuccessful, he generally cannot proceed absent approval from the court of appeals. (ECF No. 459 at 12). He argues, however, that he falls within the "actual innocence" exception, relying on *Satterfield v. District Attorney of Philadelphia*, 872 F.3d 152 (3d Cir. 2017) (holding that when a petitioner bases a Rule 60 motion on a change in decisional law, the district court should evaluate the nature of the change in law along with all equitable circumstances to determine whether a showing of actual innocence justifies relief).[1] Whoolery contends that he is actually innocent based on "critical new evidence from Jason Sheraw." (ECF No. 467 at 8-10).

Whoolery cannot evade the limits on second or successive § 2255 motions simply by invoking "actual innocence" as a magic wand – particularly on grounds that have been rejected repeatedly by the courts. Instead, that gateway is open only to those who "can make a credible

---

[1] Whoolery does not point to a change in decisional law.

3

showing of actual innocence." *Satterfield*, 872 F.3d at 154.

The gateway actual innocence test is "demanding" and satisfied only in "rare" and "extraordinary" cases. *Reeves v. Fayette SCI*, 897 F.3d 154, 161 (3d Cir. 2018). A petitioner must "assert a claim of actual innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 160 n.4 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). To make a cognizable showing of actual innocence, Whoolery must: (1) present new, reliable evidence; and (2) show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*.

The actual innocence exception exists because of the grave concern about a fundamental miscarriage of justice from convicting an innocent person. That concern is simply not applicable in this case. This court, and the court of appeals, have repeatedly upheld the jury's verdict about Whoolery's guilt.

Whoolery argues this court erred by believing it was bound by a non-existent appellate court ruling that Whoolery's guilty was overwhelming. (ECF No. 459 at 8). Whoolery reads the record incorrectly and out of context. In an opinion dated January 23, 2015 (addressing Whoolery's motion for a new trial based upon new evidence about Baldwin), this court rejected an attempt by Whoolery to introduce new evidence and explained:

> [t]he evidence of [Whoolery's] guilt admitted at trial, independent of Baldwin's testimony, was overwhelming. Many co-conspirators, in addition to Baldwin, testified that [Whoolery] was involved in the mortgage fraud scheme. Volumes of documentary evidence were admitted into the record showing [Whoolery's] involvement in the fraud of which he was convicted. There can be no denying that Baldwin was a witness against [Whoolery], but she was by no means the only, or even an especially crucial, witness against him.

(ECF No. 338 at 5). This portion of the court's opinion was quoted, with approval, by the court of appeals. 625 F. App'x at 26. Whoolery had argued to the court of appeals that this court was

4

bound by law of the case principles, because an earlier court of appeals decision stated that the evidence of Whoolery's guilt was "sufficient," not "overwhelming." The court of appeals rejected that argument. *Id*. at 26 n.3 ("The District Court did not violate that doctrine here, for our opinion on direct appeal did not consider, let alone decide, whether the evidence against Whoolery was "overwhelming" or merely "sufficient.").

In its July 15, 2016 opinion denying Whoolery's § 2255 motion, this court stated: "This court previously found, and the Court of Appeals for the Third Circuit acknowledged, that the evidence of Whoolery's guilt at trial was overwhelming. Whoolery II, 625 F.App'x at 26." In sum, this court properly and independently concluded that evidence of Whoolery's guilt was "overwhelming."

This court has previously ruled that Whoolery's guilt is overwhelming even considering the Sheraw evidence. In its opinion of January 18, 2017, the court included a lengthy section entitled "Overwhelming and Independent Evidence of Whoolery's Guilt," in which it explained why the transcript of Sheraw's change of plea hearing and Sheraw's purported testimony would not have changed the verdict at the trial. (ECF No. 430 at 10-13). The court also explained that the Sheraw evidence was not "new" and that Whoolery's Rule 60(b) motion was meritless. *Id*. at 13-15. Whoolery appealed. The United States Court of Appeals affirmed this court's decision and denied a certificate of appealability, explaining that jurists of reason would agree that this court properly denied Whoolery's Rule 60(b) motion. (ECF No. 437). In particular, the court of appeals stated: "Whoolery's claims relying on Jason Sheraw's guilty-plea colloquy lack merit for the numerous reasons described in great detail by the District Court." *Id.*

In the exercise of caution, and in accordance with Whoolery's desire that the court perform a "threshold analysis" in evaluating his actual innocence claim (ECF No. 467 at 6), the court reviewed Whoolery's entire "actual innocence" motion (ECF No. 459). *See Riley v. Myers*,

No. 3:00-CV-1183, 2018 WL 2045494, at *6 (M.D. Pa. May 1, 2018) (reviewing record in abundance of caution in concluding that petitioner did not make requisite showing of actual innocence). Upon that review, the court did not identify any grounds which would create reasonable doubt about Whoolery's guilt. *Compare, e.g. Reeves*, 897 F.3d at 165-72 (summarizing the weighty evidence of Reeves' actual innocence). It has been conclusively determined that Whoolery is not actually innocent. He cannot, therefore, invoke the actual innocence exception to evade the limits on second or successive § 2255 motions.

Conclusion

For the reasons set forth above, Whoolery's motion for an order directing the clerk to restore its official docket and files (ECF No. 465) will be DENIED; the government's motion to dismiss Whoolery's "actual innocence" motion (ECF No. 466) will be GRANTED; and Whoolery's "actual innocence" motion under Federal Rule of Civil Procedure 60(b)(6) seeking immediate release from custody (ECF No. 459) will be DENIED.

An appropriate order follows.

Dated: March 10, 2020

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Senior United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | Criminal No. 10-144-02 |
| ) | |
| **LEWIS WHOOLERY,** ) | |

**ORDER**

AND NOW, this 10th day of March, 2020, for the reasons set forth in the accompanying opinion, IT IS HEREBY ORDERED that Lewis Whoolery's motion for an order directing the clerk to restore its official docket and files (ECF No. 465) is DENIED; the government's motion to dismiss Whoolery's "actual innocence" motion (ECF No. 466) is GRANTED; and Whoolery's "actual innocence" motion under Federal Rule of Civil Procedure 60(b)(6) seeking immediate release from custody (ECF No. 459) is DENIED.

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Senior United States District Judge

cc:    Lewis Whoolery, 34634-068
       Federal Prison Camp Miami
       P.O. Box 779800
       Miami, FL 33177